# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | : |
| : | **CRIMINAL NO.** |
| v. : | : |
| : | **VIOLATION:** |
| **JAIME OMAR VASQUEZ-BENITEZ** : | : |
|   a / k / a "Guero" : | 8 U.S.C. § 1326(a), (b)(1) |
|   a / k / a "Alex Antonio Vasquez" : | (Reentry of Alien Removed Subsequent |
|   a / k / a "Jaime Hureo" : | to Felony Conviction) |
|   a / k / a "Jerman Vasquez-Mato" : | |
|   a / k / a "Julio Israel Vasquez" : | |
|   a / k / a "Herman Eduardo Vasquez" : | |
| : | |

### AFFIDAVIT IN SUPPORT OF
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, Randall Martinez, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Deportation Officer with U.S. Immigration and Customs Enforcement (ICE) in Fairfax, Virginia. I have been employed with ICE for more than six years. I was previously employed as a Border Patrol Agent for U.S. Customs and Border Protection (CBP) since December 2008. I have received specialized training and have conducted numerous investigations related to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit

is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all my knowledge, or the knowledge of others, about this matter.

3. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to charge Jaime Omar VASQUEZ-BENITEZ (hereinafter "VASQUEZ-BENITEZ") with being found in the United States after having been removed, subsequent to a conviction for a felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(1). This affidavit is also submitted in support of an arrest warrant.

**PROBABLE CAUSE**

4. On or about July 12, 2018, the ICE fugitive operations unit in Lorton, Virginia, received a call for assistance from the Metropolitan Police Department (MPD) of the District of Columbia (DC). DC MPD had detained VASQUEZ-BENITEZ for suspected gang activity. ICE officers responded and fingerprinted VASQUEZ-BENITEZ with a hand-held Neo Scan 45 fingerprinting device to determine alienage and removability. Information obtained from the Neo Scan 45 indicated that VASQUEZ-BENITEZ is a native and citizen of El Salvador who has been previously deported from the United States on two occasions. ICE officers took VASQUEZ-BENITEZ into immigration custody without incident.

5. On July 12, 2018, ICE officers obtained a full, ten-digit set of fingerprints from VASQUEZ-BENITEZ using an Automated Biometric Identification Machine (IDENT), which is linked to ICE indices containing fingerprint records of known and previously deported aliens. This system is also integrated with the criminal records maintained by the Federal Bureau of Investigations (FBI) and is commonly referred to as Next Generation Identification (NGI). Upon submission of VASQUEZ-BENITEZ's fingerprints, the NGI system revealed a positive match to VASQUEZ-BENITEZ, his assigned FBI Universal Control number, and his assigned California

State Criminal Identification number (SID). Additionally, the system returned photographic images of VASQUEZ-BENITEZ, which indicated he had previously been apprehended by immigration officers.

6. On July 27, 2018, your affiant conducted a review of documents from VASQUEZ-BENITEZ's immigration file, maintained by U.S. Citizenship and Immigration Services. The file, also known as an alien file, contained an executed Immigration Service Form I-205, Warrant of Removal/Deportation (Form I-205), bearing the photograph, fingerprint, and signature of VASQUEZ-BENITEZ. The form revealed that VASQUEZ-BENITEZ was ordered removed and physically deported from the United States on April 23, 2008 via Houston, Texas. An additional Form I-205, bearing the photograph, fingerprint, and signature of VASQUEZ-BENITEZ was also found in his alien file, indicating he was encountered a second time and his removal reinstated on May 19, 2014 via Chandler, Arizona.

7. On July 29, 2018, the following three exhibits of VASQUEZ-BENITEZ's fingerprints were submitted to the FBI Special Processing Center for comparison:

    Exhibit A:    Fingerprint card from VASQUEZ-BENITEZ's alien file, taken July 12, 2018;

    Exhibit B:    Fingerprint taken on Form I-205, showing VASQUEZ-BENITEZ's removal on April 23, 2008;

    Exhibit C:    Fingerprint taken on Form I-205, showing VASQUEZ-BENITEZ's removal on May 19, 2014.

On July 29, 2018, the FBI responded by stating that all the exhibits were an identical match to VASQUEZ-BENITEZ's FBI Universal Control number.

8. VASQUEZ-BENITEZ's alien file indicates that he does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass

through, or reside in the United States legally. It further indicates that he has neither sought nor obtained permission from the Attorney General or the Secretary of Homeland Security to re-enter the United States following his formal removal.

9. Documents contained in VASQUEZ-BENITEZ's immigration file reveal that on September 27, 2005, he was convicted in the Superior Court of the District of Columbia of felony Obstruction of Justice, in violation of D.C. Code section 22-722. VASQUEZ-BENITEZ was sentenced to 36 months imprisonment. VASQUEZ-BENITEZ's NGI fingerprint results confirm this conviction.

## **CONCLUSION**

10. Based on the foregoing, I submit that there is probable cause to believe that on or about July 12, 2018, within the District of Columbia, VASQUEZ-BENITEZ was found in the United States after having been removed therefrom on or about April 23, 2008, after having been convicted of a felony, and without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security, to reapply for admission to the United States.

_____
Randall Martinez
Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to and subscribed before me on the 16th day of August 2018, in the District of Columbia.

_____
THE HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

4